HARRIS v. FT. MILLER PULP & PAPER CO.

(Supreme Court, Appellate Division, Third Department. January 14, 1903.)

1. RIPARIAN OWNERS—RIGHTS—CONSTRUCTION OF DAMS—ALTERATION—CONTRI-
BUTION TO EXPENSE.

Where plaintiff's grantor conveyed to defendant's grantor the right to build a dam across the Hudson river, or any part of it opposite the farm owned by plaintiff's grantor, and to abut the same against the west bank of the river on such farm, reserving, however, all water rights and privileges to use the power from the dam, plaintiff was not entitled to compel defendant at its expense to construct sluice and gateways in the dam where it adjoined the farm, in order that plaintiff might use the power.

Appeal from trial term, Saratoga county.

Action by John C. Harris against the Ft. Miller Pulp & Paper Company to compel defendant to change its dam constructed across the Hudson river opposite plaintiff's premises, and to maintain therein sluice and gateways in order that plaintiff might use water power furnished thereby. From a judgment in favor of plaintiff, defendant appeals. Reversed.

In 1882 one Nicholas Vandenberg was the owner of certain property upon the west side of Hudson river in the town of Northumberland. Upon July 26th of that year he deeded to Daniel A. Bullard and others, their heirs and assigns, "the right to build a dam across said river, or any part of it opposite to said farm, and to abut the same against the west bank of said river on said farm, and to keep and maintain the same there forever." The deed then concluded: "In witness whereof the party of the first part has hereunto set his hand and seal July 26th, 1882, and said Vandenberg reserves all water rights and privileges to use the same from said dam." At the time of this grant a dam was erected across the east half of the river adjoining the property belonging to the defendant. After the grant this dam was extended to the west shore of the river abutting the land of the grantor in said deed, as permitted by said grant. The plaintiff is the successor of the grantor in that deed, and the defendant is the successor of the grantee. Prior to the commencement of this action, the plaintiff served a notice upon the defendant that he demanded that it make an opening in said dam which would permit him to avail himself of the water power, or that it permit him so to do. To this demand the defendant replied that, in view of the present condition of the plaintiff's farm and premises, the notice was regarded as preposterous. The reply then read: "Whatever rights were reserved by the deed from Vandenberg, referred to by you in your notice of October 29th, 1900, are not denied to his successors in interest. You are cautioned against any interference of the rights of the Ft. Miller Pulp & Paper Company." The plaintiff thereupon served a notice upon the defendant that he regarded as a refusal their action either to modify the dam or to permit him to do so, to which notice no reply was served by the defendant. Thereafter this action was brought, in which the plaintiff asked that the defendant be required to make an opening in the dam so as to permit the plaintiff to enjoy the water rights belonging to him, and for damages and for general relief.

Argued before PARKER, P. J., and SMITH, KELLOGG, CHASE, and CHESTER, JJ.

C. H. Sturgis, for appellant.
C. S. & C. C. Lester, for respondent.

SMITH, J. If this judgment stands, this defendant will be compelled at large expense to build this dam, and construct and maintain gates therein from which the plaintiff will have equal power and

benefit without one cent of contribution to that expense. The mere statement of the fact shows the inequity of the judgment. If plaintiff would share in the water power created by the dam, he should share in the expense which created that water power. In the case at bar the right to build the dam was granted with water rights reserved. It may be that the defendants have foreclosed themselves from demanding any contribution for the building of the dam. In the consideration, however, there was no agreement by which gates should be constructed or maintained for the plaintiff, and I can see no reason, legal or equitable, for imposing this burden upon the defendant. Whatever rights plaintiff may have are his when he makes provision therefor at his own expense.

And that provision must be made without unnecessarily crippling the value of the right granted upon consideration to the defendant's grantors. Plaintiff cannot unnecessarily impair the usefulness of the grant. His reservation of the right to use the water is to be construed as a reservation of a right to use it, and not of a right to waste it.

Judgment reversed on law and facts, and new trial granted, with costs to appellant to abide event. All concur.