JOHN C. HARRIS, Respondent, *v.* FORT MILLER PULP AND PAPER COMPANY, Appellant.

*Reservation in a license to build a dam of the right by the licensor to use water therefrom — the licensor must make provision therefor at his own expense and not waste the water.*

Where an owner of land on the west side of the Hudson river grants to the owners of land on the east side of the river, who, at the time of the making of such grant, had erected a dam across the east half of the river, the right to extend the dam across the river and to abut it upon his premises, reserving "all water rights and privilege to use the same from said dam," he cannot, after the grantees have erected the dam at their own expense, require them to make an opening in the dam so as to permit him to enjoy the water rights reserved by him; if such grantor desires to make use of his reserved rights he must make provision therefor at his own expense and must do so for the purpose of using the water power and not of wasting it.

APPEAL by the defendant, the Fort Miller Pulp and Paper Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Saratoga on the 25th day of July, 1902, upon the decision of the court rendered after a trial before the court without a jury at the Saratoga Trial Term.

In 1882 one Nicholas Vandenburgh was the owner of certain property upon the west side of the Hudson river in the town of Northumberland. Upon July twenty-sixth of that year he deeded to Daniel A. Bullard and others, their heirs and assigns, "The right to build a dam across said river or any part of it opposite to said farm and to abut the same against the west bank of said river on said farm, and to keep and maintain the same there forever." The deed then concluded: "In Witness Whereof, the party of the first part has hereunto set his hand and seal July 26, 1882, and said Vandenburgh reserves all water rights and privilege to use the same from said dam." At the time of this grant a dam was erected across the east half of the river adjoining the property belonging to the defendant. After the grant this dam was extended to the west shore of the river abutting the land of the grantor in said deed, as permitted by said grant. The plaintiff is the successor of the grantor in that deed, and the defendant is the successor of the grantee. Prior to the commence-

ment of this action the plaintiff served a notice upon the defendant that he demanded that it make an opening in said dam which would permit him to avail himself of the water power, or that it permit him so to do. To this demand the defendant replied that in view of the present condition of the plaintiff's farm and premises, the notice was regarded as preposterous. The reply then read : " Whatever rights were reserved by the deed from Vandenburgh, referred to (by) you in your notice of October 29, 1900, are not denied to his successors in interest. You are cautioned against any interference with the rights of the Fort Miller Pulp and Paper Company." The plaintiff thereupon served a notice upon the defendant that he regarded as a refusal their action either to modify the dam or to permit him to do so, to which notice no reply was served by the defendant. Thereafter this action was brought, in which the plaintiff asked that the defendant be required to make an opening in the dam so as to permit the plaintiff to enjoy the water rights belonging to him, and for damages and for general relief.

*C. H. Sturges,* for the appellant.

*Charles C. Lester,* for the respondent.

SMITH, J.:

If this judgment stands, this defendant will be compelled at large expense to build this dam and construct and maintain gates therein, from which the plaintiff will have equal power and benefit without one cent of contribution to that expense. The mere statement of the fact shows the inequity of the judgment. If plaintiff would share in the water power created by the dam, he should share in the expense which created that water power. In the case at bar the right to build the dam was granted with water rights reserved. It may be that the defendant has foreclosed itself from demanding any contribution for the building of the dam. In the consideration, however, there was no agreement by which gates should be constructed or maintained for the plaintiff, and I can see no reason, legal or equitable, for imposing this burden upon the defendant. Whatever rights plaintiff may have are his when he makes provision therefor at his own expense.

And that provision must be made without unnecessarily crippling the value of the right granted upon consideration to the defendant's

grantors. Plaintiff cannot unnecessarily impair the usefulness of the grant. His reservation of the right to use the water is to be construed as a reservation of a right to *use* it, and not of a right to waste it.

All concurred.

Judgment reversed on law and facts and new trial granted, with costs to appellant to abide event.