HARRIS v. FT. MILLER PULP & PAPER CO.

(Supreme Court, Appellate Division, Third Department. March 8, 1905.)

RIPARIAN OWNERS—DAMS—CONSTRUCTION OF DEED.

Where plaintiff's grantor conveyed to defendant's grantor the right to build a dam across a river and abut the same against the bank on the farm of plaintiff's grantor, reserving "all water rights, and privileges to use the same from said dam," plaintiff could not compel defendant at its own expense to construct an opening in the dam in order that plaintiff might use the water.

Appeal from Special Term, Saratoga County.

Action by John C. Harris against the Ft. Miller Pulp & Paper Company. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

C. S. & C. C. Lester, for appellant.

C. H. Sturges, for respondent.

CHESTER, J. The suit is brought to require the defendant to make an opening in a dam across the Hudson river so as to permit the plaintiff, who owns lands on the west side of such river opposite to lands owned by the defendant on the east side thereof, to enjoy certain water rights which he claims belong to him, and which were reserved in a certain grant from one Vandenburgh, his predecessor in title, to the predecessor in title of the defendant, of the right to build and maintain a dam across said river. The facts are sufficiently stated in the report of the case when it was here upon a former appeal, and need not be here repeated. Harris v. The Ft. Miller Pulp & Paper Company, 79 App. Div. 225, 79 N. Y. Supp. 1013. Neither by his complaint nor by the brief of his counsel in this court has the appellant made any criticism of the manner of construction of said dam, except for the absence of an opening therein on his side of the river. The defendant, in its answer, denies that it has refused to permit the plaintiff to make such an opening. We entertain no doubt that under the reservation in the grant to the plaintiff's predecessor in title "of all water rights and privileges to use the same from said dam," the plaintiff, at any time he desires to exercise the privilege to use his proportion of the water from said dam, has a right to make an opening therein adequate for that purpose. The evidence of an engineer testifying on behalf of the plaintiff shows that it is entirely practicable to make an opening in the dam so that the plaintiff can use half of the flow of the river and the defendant can use the other half. This court decided upon the former appeal that the defendant could not be required to make such opening, and that, if the plaintiff desires to use the water he has the right to use, he must make the opening at his expense. That decision is controlling upon this appeal, and, there being no substantial change in the facts here, we must therefore affirm the judgment dismissing the complaint.

Judgment affirmed, with costs. All concur.